## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **Case No. 1:21-CR-00260-APM** |
| | ) | **Sentencing: 07/13/21** |
| **MAXINE MARIE WILLIAMS** | ) | **Judge: Amit P. Mehta** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS

**COMES NOW**, Defendant, **MAXINE MARIE WILLIAMS**, by and through, John O. Iweanoge, II, and THE IWEANOGES FIRM, P.C., her attorneys, and submits this position of the defendant with respect to sentencing factors, pursuant to this Court's policy regarding procedures to be followed in Guidelines Sentencing, and in accordance with section 6A1.2 of the United States Sentencing Guidelines.

### FACTUAL CORRECTIONS/OBJECTIONS

1.      Defendant has no objections and/or factual corrections to the Presentence Investigation Report.

### LEGAL CORRECTIONS/OBJECTIONS

2.      Defendant has no legal corrections and/or objections to the Presentence Investigation Report.

### THE COURT MUST IMPOSE A SENTENCE "SUFFICIENT BUT NOT GREATER THAN NECESSARY" TO COMPLY WITH THE PURPOSES OF 18 U.S.C. § 3553

As the Court is well aware, the guidelines are now advisory only, that is, one among a **number of factors to be weighed by the sentencing court.** *United States v. Booker,* 543 U.S. 220 (2005); *United States v. Price,* 409 F.3d 436, 443 (D.C. Cir. 2005) (noting that *Booker* excised mandatory Guidelines provision of 18 U.S.C. § 3553(b) but that § 3553(a)'s specification of factors that guide federal sentencing, including application of Guidelines, remains in effect). As the *Price*

Court stated, "[t]hese factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with needed educational or vocational training, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution to any victims." *Id.* at 442 (citing § 3553(a)).

The most important consideration for the District Court in sentencing Ms. Williams must be the directive of Congress to "impose a sentence sufficient but not greater than necessary, to comply with [the purposes of sentencing]". 18 U.S.C. § 3553(a). *See e.g., United States* v. *Minisro-Tapia* 470 F.3d 137, 142 (2d Cir. 2006); *United States* v. *Yopp,* 453 F.3d 770, 774 (6th Cir. 2006); *United States* v. *Rodriguez-Rodriguez,* 441 F.3d 767, 770 (9th Cir. 2006); *United States v. Ranum,* 353 F. Supp.2d 984, 986 (E.D.Wis. 2005). While the standard on appeal is whether the sentence is reasonable, that is not the standard for the District Court. *United States* v. *Collington,* 461 F.3d 805, 807 (6th Cir. 2006) ("a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2). Reasonableness is the *appellate* standard of review in judging whether a district court has accomplished its task."); *United States* v. *Foreman,* 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task").

It is clear that in the post-Booker world of advisory Guidelines, the sentencing judge has broad discretion to impose a non-Guidelines sentence where appropriate after considering the pertinent § 3553(a) factors. As articulated recently by the Second Circuit, "[a]lthough the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all of

the circumstances. That is the historic role of sentencing judges, and it may continue to be exercised, subject to the reviewing court's ultimate authority to reject any sentence that exceeds the bounds of reasonableness." *United States v. Jones,* 460 F.3d 191, 195 (2nd Cir. 2006) (upholding non-Guidelines/sentence of 15 months' imprisonment, which was 15 months below bottom of applicable range).

## ARGUMENT

The United States Supreme Court has stated that a criminal sentence can have a variety of justifications, such as incapacitations, deterrence, retribution, or rehabilitation. *See Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L.Ed.2d 108 (U.S. 03/2003; quoting from 1 W. Lafave & A. Scott, Substantive Criminal Law §1.5, pp. 30-36 (1986) (explaining theories of punishment).

### Determining a Sentence After Booker

As a result of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738(2005), the sentencing guidelines are now "efficiently advisory" in all cases. Id at 757. The result is that a district court must now "consider Guidelines ranges, "but may "tailor the sentencing in light of other statutory concerns as well." *Id*.

Sections 3553(a)has been described in *Booker* and much *Post-Booker* case law as containing various "factors"-one of which is the Sentencing Guidelines and the guidelines range calculated pursuant to them-that must now be considered in determining a sentence. This is a potentially misleading oversimplification. Section 3553(a) is actually comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a), and the "factors" to be considered fulfilling that mandate. The sentencing mandate is an overriding principle that limits the sentence a court may impose.

### a.   The Section 3553(a) Sentencing Mandate: The "Parsimony Provision"

The basic mandate and overriding principle of Section 3553(a) requires a district court to impose

a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553.

    a.   retribution ("to reflect seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense");

    b.   deterrence ("to afford adequate deterrence to criminal conduct");

    c.   incapacitation ("to protect the public from further crimes of the defendant"); and

    d.   rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

18 U.S.C. §3553(a)(2).

    The sufficient-but-not-greater-than-necessary requirement has been described as the "parsimony provision." See, e.g., *United States v. Brown*, F. Supp. 2d, 2005 WL 318701, at *6 (M.D. Pa. Feb. 10, 2005); see also *Bifulco v. United States*, 447 U.S. 381, 387 (1980) (explaining that statutory construction "rule of lenity" applies to sentencing statutes as well as to substantive criminal offense statutes). Critically, the parsimony is not just another "factor" to be considered along with the others set forth in Section 3553(a). Rather, it sets an independent upper limit on the sentence a court may impose.

    b.   **<u>The Section 3553(a) Factors to be considered in complying with the sentencing Mandate</u>**

    In determining what sentence is sufficient but not greater than necessary to comply with the Section 3553(a)(2) purpose of sentencing, the court must consider several factors listed in Section3353(a). These are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the kinds of sentence available; (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide resolution where applicable. 18 U.S.C. §3553(a)(1), (a)(3)-(7). Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight that any other factor. However, what is clear that all of

these factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

### Application of the Section 3553(a) Principles and Factors of this Case

Ms. Williams pled guilty to Count 1: Interstate Transportation of Stolen Property, in violation of 18 U.S.C. § 2314. The probation officer prepared a Presentence Report ("PSR"). The officer set the total offense level at 13. That offense level when coupled with Ms. Williams' criminal history category of I results in advisory guideline imprisonment range of 12-18 months.

### A.      The Nature and Circumstances of the Offense

One of the factors the Court is directed to consider under Section 3553 is the nature and circumstances of the offense. Here, the nature and circumstances of Ms. Williams' role in the offense, and prior contact with the Criminal Justice System, makes a variant sentence below the sentencing guidelines reasonable in this case.

### B.      The Circumstances and History of the Defendant

Section 3553 also directs the Court to consider the circumstances and history of the Defendant when determining what sentence is appropriate.

Ms. Williams is 49 years old with no prior criminal history. She has a mother aged 69 years old who faces the possibility of losing her daughter to further incarceration. Ms. Williams incorporates by reference as if set forth here, page 9, paras. 43-45 and page 10, paras. 46-47 of the PSR.

Ms. Williams has a history of ovarian cancer. Ms. Williams incorporates by reference as if set forth here, page 11, para. 54 of the PSR.

Ms. Williams has maintained some employment over a period of time, good relationship with her mother, family and friends. Ms. Williams incorporates by reference as if set forth here, page 13, paras. 60-63; and page 14, paras. 64-71 of the PSR. This history of redeemable qualities should be considered when determining what sentence is reasonable under § 3553.

C.      **The Need to Avoid Unwarranted Sentencing Disparities**

The need to avoid unwarranted sentencing disparities is another consideration under Section 3553. Imposition of a sentence inside the guideline range would in this instance increase sentence disparities among defendants with similar records found guilty of similar conduct, rather than avoid such disparity, as called for by USSG.

The Federal Sentencing Guideline Manual Ch. 1, Pt. A. § 2 states that 'If…a particular case presents a typical features, the Act allows the court to depart from the guidelines and sentence outside the prescribed range."

The Court is required to consider relevant policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a)(5). The Court is required to avoid unwarranted disparities in imposing a sentence. 18 U.S.C. § 3553(a)(6). It is also required to impose a sentence that will promote respect for the law. *Id*. § 3553(a)(2)(A).

D.      **The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence, to Protect the Public from Future Crimes and to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment**

Some of the very statutory factors which are the ultimate guide to sentencing decisions post-*Booker* clearly argue in favor of less prison time, not more. With a defendant ultimately suffering from challenges, for example, there is facially less need for the sentence imposed to protect the public from further crimes of the defendant, but to provide the defendant with needed educational or vocational or correctional training and/or treatment.

Nor can it promote respect for the law to give Ms. Williams a prison sentence that can quite credibly be viewed as greater than the sentence she likely would have received if there were no guideline as to her actual role in this offense. In light of the sentencing disparity outlined above, and the other factors outlined by section 3553 including the nature and circumstances of the offense/role and the

character of Ms. Williams, the circumstances of this case, Ms. Williams requests that the Court sentence her to a variant below the guideline sentence in this case.

A variant sentence below the sentencing guidelines, although lower than the low end of the Guideline and/or Statute reflects the seriousness of Ms. Williams' role, while at the same time accounting for the circumstances surrounding this offense and his individual circumstances. A variant below the guideline sentence operates to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to protect the public and to provide Ms. Williams with needed educational or other correctional training and/or treatment and decrease the chances that she would return to Court.

Finally, the ends of justice will be served if Ms. Williams is sentenced below the sentencing guidelines.

### E.    Sentencing Variance

Section 3553(a) instructs the district court to consider (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing (i.e., retribution, deterrence, incapacitation, and rehabilitation); (3) the sentences legally available; (4) the Sentencing Guidelines; (5) any Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution. Section 3553(a) also instructs the court "to 'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing as set out above." *Rita v. United States*, 551 U.S. 338, 348, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Morace*, 594 F.3d 340, 345 n. 2 (4th Cir. 2010).  A sentence that does not serve the announced purposes of § 3553(a)(2) is unreasonable. *See Moreland*, 437 F.3d at 434; *Green*, 436 F.3d at 456-57.  Likewise, a sentence that is greater than necessary to serve those purposes is unreasonable. *United States v. Shortt*, 485 F.3d 243, 248 (4th Cir. 2007).  A district court may impose a variance sentence on the basis that, in a given case, the Guidelines range fails to properly reflect the statutory factors. *Kimbrough v. United States*, 128 S. Ct. 558, 575 169 L.Ed.2d 481 (2007).

Ms. Williams has been out on personal recognizance bond since August 11, 2020. In terms of rehabilitation, Ms. Williams who has been separated from her mother and family, she has learnt her lesson from this case.

A variant sentence below the sentencing guidelines is entirely appropriate in this case as the Guidelines range of 12-18 months fails to properly reflect the statutory factors.

## RESTITUTION/FORFEITURE

Restitution is applicable in this case in the amount of $179,500.57.

## FINE

The defense agrees with the PSR finding that Ms. Williams does not have adequate resources to pay any fine or the cost of incarceration or supervision upon release in this case. Ms. Williams incorporates by reference as if set forth here, page 15, paras. 72-74 and page 16, paras. 75-79 of the PSR.

Finally, there is no point in sentencing Ms. Williams within or over and above the guideline because she has not been found guilty of a traditional violent crime or potentially dangerous crime.

> ... the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process. ... In areas where the Sentencing Commission has not spoken ... district Courts should not hesitate to use their discretion in devising sentences that provide individualized justice". *U.S. v. Williams*, 65 F. 3d 301, 309-310 (2d Cir. 1995).

Under the above-described circumstances, "individualized justice" for Ms. Williams is a variant sentence below the sentencing guidelines, with a period of supervised release.

## **CONCLUSION**

Najee Lewis asks that this Court make factual findings and conclusions regarding each of the above arguments. Further, regardless of whether this Court finds the Guideline and statutory sentencing ranges in the PSR to be accurate, such penalty ranges are greater than necessary to achieve the goals of sentencing under 18 U.S.C. *§* 3553(a).

Accordingly, he respectfully requests that this Court take into consideration the above factors and a variant sentence below the sentencing guidelines which is sufficient to achieve the goals of sentencing under § 3553(a)(2).

**WHEREFORE,** for all the above stated reasons and for such other reasons offered at the sentencing hearing, the Defendant, **MAXINE MARIE WILLIAMS**, respectfully requests that this Court make such requested findings and consider the combination of sentencing factors herein.


Respectfully submitted,

THE IWEANOGES FIRM, P.C.          Maxine Marie Williams
                                 Defendant by Counsel

By: ____/S/JohnOIweanoge/S/_____
     John O. Iweanoge, II
     IWEANOGE LAW CENTER
     1026 Monroe Street, NE
     Washington, D.C. 20017
     Phone:  (202) 347-7026
     Fax:      (202) 347-7108
     Email:  joi@iweanogesfirm.com
     Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of July, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:


Kondi Jon Kleinman, AUSA
United States Attorney's Office
for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530


Dated: 8th day of July, 2021.                                    _____/S/JohnOIweanoge/S/_____
                                                                                      John O. Iweanoge, II