**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No.: 21-cr-260 |
| ) | |
| MAXINE MARIE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**EXPEDITED MOTION FOR STAY EXECUTION OF SENTENCE**

Comes now the Defendant Maxine Williams, by her counsel, pursuant to the Federal Rules of Criminal Procedure 38, and respectfully moves this Honorable Court to stay the execution of the sentence imposed in this case pending appeal of this matter.

The Defendant is to start her term of incarceration on September 9, 2021. Therefore, the Defendant respectfully requests expedited review of her Motion.

                                                            Maxine Williams,
                                                          By Counsel

                                                          /s/Donna L. Biderman, Esq.
                                                          Donna L. Biderman Esq.
                                                          Law Office of Donna L. Biderman, PLLC
                                                          4015 Chain Bridge Road, Suite 38
                                                          Fairfax, Virginia 22030
                                                          Telephone (703) 966-5434
                                                          Fax (888) 450-8569
                                                          dbiderman@bidermanlaw.com
                                                          *Attorney for Maxine Williams*

Dated: September 1, 2021

CERTIFICATE OF SERVICE

I hereby certify on September 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users receiving documents in this case, including:

>Channing D. Phillips, Esq.
>Kondi Kleinman, Esq.
>Office of the United States Attorney
>For the District of Columbia
>555 Fourth Street, N.W.
>Washington, DC 20001

>/s/Donna L. Biderman
>Donna L. Biderman, Esq.

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA

No. 21-3048

| | |
|---|---|
| **MAXINE WILLIAMS,** ) | |
| ) | |
| Appellant, ) | |
| v. ) | |
| ) | Criminal Action No.: 21-cr-260 |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Appellee. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO STAY EXECUTION OF SENTENCE

Comes now the Appellant Maxine Williams, by her counsel, hereby respectfully submits this memorandum of law in support of her motion to stay execution of sentence in the above-captioned case. In further support, the Appellant Ms. Williams states as follows:

The Federal Rules of Criminal Procedure provide that "[i]f the defendant is released pending appeal, the court must stay a sentence of imprisonment." *See* Fed. R. Crim. App. P. 38(b). In addition, a defendant should be released if she can show that she is not likely to flee or to pose a danger to the safety of anyone in the community if released, and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, the order of a new trial, or a sentence that does not include imprisonment. Ms. Williams can make the requisite showing.

## Background

On April 6, 2021, Ms. Williams entered a plea of guilty to one count of interstate transportation of stolen property, pursuant to 18 U.S.C. § 2314. Pursuant to a plea agreement, the government dismissed the remaining charges. On July 13, 2021, this Court sentenced Ms. Williams to a term of twelve months and one day incarceration. The Department of Corrections set September 9, 2021 as the date that Ms. Williams is to start serving her term of incarceration.

On July 26, 2021, Ms. Williams appealed her conviction. That appeal is now pending.

Ms. Williams was released on bond prior to trial, during trial, after trial, and since she appealed her case.

## Argument

Ms. Williams was "released pending appeal, [and thus] the court must stay a sentence of imprisonment." *See* Fed. R. Crim. App. P. 38(b). Additionally, Ms. Williams is not a flight risk, not a risk to the safety of others, and can show that the appeal is not for the purpose of delay, but rather raises a substantial question of law or fact likely to result in an order for a new trial.

*First,* the Defendant is not a flight risk. The Defendant has lived in the Washington, D.C., metro area for most of her life since she was thirteen years

old. Born in Belize, she emigrated to the United States in 1984, and lived in the D.C. suburbs in Maryland. She and her mother lived in Hyattsville, Maryland, where she went to and completed junior high school and high school. In 1990, Ms. Williams graduated from Northwestern High School. She needed to leave the United States after she graduated for visa reasons, and moved back to her original country of Belize until she was able to get a new visa. She returned to the United States, and in particular to the District of Columbia, in 1994. She lived in the District from 1994 until January 1997, when she moved to Maryland. In 1999 she moved back into the District, where she has lived for the twenty-two years since. Ms. Williams went to the University of the District of Columbia from 2008 through May 2013, when she received her B.A. in Administration of Justice. She became a U.S. citizen in 2011.

When she was arrested, she was released on her personal recognizance, with the condition that she surrender her passport. The government still has her passport, so she is unable to leave the country. She has been on personal recognizance since shortly after she was released. She has gone to all of her court hearings.

Given her history, Ms. Williams is not a flight risk.

*Second*, the Defendant does not pose a danger to others in the community. She was convicted of interstate transportation of stolen property, a non-dangerous crime. She has never before been convicted of any other crime, let alone a dangerous crime. In fact, this is her first arrest of any kind. The Defendant has not posed a threat during the time she has been released pending trial and now pending appeal. Therefore, she does not pose a threat to the safety of the community.

*Third*, Ms. Williams is raising substantial questions of law or fact. The Defendant was poorly represented at trial. Her attorney did not explain the entire situation to her, and what the plea deal entailed. After the plea, her attorney did not speak with her until the day before the sentencing, and did not answer or return her phone calls, except for one time to go over the presentencing report. He never discussed with her the maximum punishment and the worst-case scenarios. He did not prepare her for the sentencing hearing. He did not even ask her to get letters from the community for sentencing.  He did not explain to her that she could appear in person or remotely for the hearing, so that Ms. Williams did not know until the sentencing hearing that she could appear in person, which was her preference. Thus, Ms. William's trial counsel did not afford her effective assistance of counsel.

*Fourth,* the world is currently undergoing a global pandemic of Coronavirus disease 2019 ("COVID-19"). Ms. Williams is particularly susceptible to a poor outcome or death if she contracts the disease as she is obese. The federal government, the District, and other jurisdictions have enacted legislation designed to grant early release from incarceration for certain people who are particularly susceptible to poor outcomes, including death, from the disease. The list of reasons inmates have been granted release includes obesity. Ms. Williams is obese, and therefore is more susceptible to a poor outcome and possibly death than the average person. Since the prison is such a dangerous place currently, and since Ms. Williams is at a high risk, she should be allowed to remain at liberty during the pendency of her appeal.

*Finally*, since Ms. Williams is facing only twelve months' and one day incarceration, if this stay is not granted, she will likely serve the entire sentence prior to the appeal being decided.

For all these reasons and any others that appear to the Court, the Defendant respectfully requests that this Court stay her incarceration pending her appeal.

Respectfully submitted,

/s/Donna L. Biderman
Donna L. Biderman, Esq.
DC Unified Bar No. 425837
LAW OFFICE OF DONNA L. BIDERMAN, PLLC
4015 Chain Bridge Road, Suite 38
Fairfax, Virginia 22030
(703) 966-5434 telephone
(888) 450-8569 fax
dbiderman@bidermanlaw.com

Attorney for Appellant Maxine Williams

Dated:      September 1, 2021